Anthony Gagliardi, D.C. a/a/o Ronnie Springer, Plaintiff-Respondent, 
against
MVAIC, Defendant-Appellant.




Defendant appeals from an order of the Civil Court of the City of New York, Bronx County (Denise M. Dominguez, J.), entered August 27, 2018, which denied its motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Denise M. Dominguez, J.), entered August 27, 2018, affirmed, without costs.
Defendant MVAIC's motion for summary judgment dismissing this first-party no-fault action was properly denied. The burden is on MVAIC to prove its "lack of coverage" defense in support of its motion for summary judgment (see e.g. Pomona Med. Diagnostic, P.C. v MVAIC, 32 Misc 3d 140[A], 2011 NY Slip Op 51573[U] [App Term, 1st Dept 2011]). Here, MVAIC failed to eliminate all triable issues concerning coverage since its own proof contains conflicting evidence about the ownership of the vehicle (see Karina K. Acupuncture, P.C. v MVAIC, 55 Misc 3d 139[A], 2017 NY Slip Op 50546[U] [App Term, 1st Dept 2017]; VS Care Acupuncture, PC v MVAIC, 51 Misc 3d 147[A], 2016 NY Slip Op 50764[U] [App Term, 1st Dept 2016]). Specifically, although MVAIC contends that the assignor Ronnie Springer was the owner of the uninsured vehicle, and therefore not a "qualified person" (Insurance Law § 5202[b]), evidence in the record tends to indicate that the assignor was neither the registered owner nor title holder of the vehicle, and that the vehicle was registered to one Melanie Gamble.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 20, 2019